578 So.2d 1018 (1991)
Wilfred PEREZ, et al.,
v.
STATE INDUSTRIES, INC., et al.
No. 91-C-0528.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
John C. Combe, Jr., Alexander H. Plache, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, and Ludwig *1019 E. Kolman, Pope & John, Ltd., Chicago, Ill., for defendant/relator.
Wendell H. Gauthier, Robert M. Murphy, Edward F. Downing, III, Gauthier and Murphy, Metairie, for plaintiff/respondent.
John P. Manard, Jr., Sallye G. Webb, Phelps, Dunbar, New Orleans, for respondent, Louisiana Gas Service Co.
Before GARRISON, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant State Industries, Inc. (State) seeks review of a trial court judgment denying its motion to produce a settlement agreement between plaintiff Wilfred Perez and a former co-defendant, Louisiana Gas Service (LGS), as well as review of a decision quashing a subpeona to produce testimony and documents relative to subsequent remedial actions and similar incidents to that which forms the basis of this suit. We reverse.
Perez sustained severe burns on February 8, 1987, while attempting to repair a leaky gas line on his pick-up truck, when gasoline on the floor of the garage where he was working was ignited by a gas water heater installed at floor level. Perez filed suit against State, the manufacturer of the water heater, and LGS, his natural gas utility, among others. In March of 1990, Perez and LGS entered into a settlement agreement. State contends that in April, the month after the settlement, LGS sent a warning to all its residential customers concerning the dangers of installing gas water heaters at floor level in places like residential garages.
State filed a motion for production of a copy of the settlement agreement and noticed the corporate deposition of LGS; the deposition notice included a request for information about the warning sent to customers and information concerning other similar incidents or claims involving flammable substances being ignited by gas water heaters or other gas-fired appliances. LGS moved to quash the discovery. The trial court twice granted LGS's motion.
La.C.C.P. art. 1422, dealing with the scope of discovery, in general, provides, in pertinent part, as follows:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(Emphasis added.)
Thus, the scope of information subject to discovery is not limited to information which would be admissible at trial. Generally, even information inadmissible at trial is discoverable, if it "appears reasonably calculated to lead to the discovery of admissible evidence," so long as it is "relevant to the subject matter involved in the pending action" and is not privileged.
In the instant case, State contends that the settlement agreement contains a "catch back" provision, commonly referred to as a "Mary Carter" settlement, which entitles LGS to reimbursement of some of the money paid in settlement should Perez recover from other defendants. Thus, State argues, any testimony given at trial by LGS employees would be tainted by bias. Additionally, State alleges that Perez had returned to work prior to the settlement, then left after he received the money from LGS. State says that it has reason to believe that the amount of the settlement was more than $1 million and that the reason for Perez's unemployment is not disability, but the fact that he has sufficient money to not work. State argues that the settlement agreement is thus "relevant" to significant issues in the case.
When the motion was first decided, by reasons for judgment issued on July 16, *1020 1990, the trial court granted LGS's motion for a protective order on the grounds that State had "not produced sufficient evidence of ... bias, and in fact, cannot until depositions of the Louisiana Gas Service Company employees in question are had." The motion to produce was denied a second time on March 6, 1991, because State had still failed to demonstrate the "necessary" bias. At no time does the trial court discuss the relevance of the settlement agreement to the issues in the case.
In support of the trial court's decision, LGS cites La.C.E. art. 413, relative to settlement or tender, which provides as follows:
Any amount paid in settlement or by tender shall not be admitted into evidence unless the failure to make a settlement or tender is an issue in the case.
(Emphasis added.) Additionally, LGS cites Mohr v. Broussard, 515 So.2d 833 (La.App. 4th Cir.1987), in which this court held that parties seeking admission of a settlement agreement must first prove the existence of bias. However, admissibility of the settlement agreement is not at issue here, only discoverability; therefore, neither La. C.E. art. 413 nor Mohr is dispositive.
LGS also contends that the settlement agreement is irrelevant to any issue in the case and therefore not discoverable. In support of this contention, LGS cites Davis v. Johns-Manville, No. 77-2282, 1990 WL 162844 (E.D.La. October 16, 1990). In Davis, a federal magistrate denied the defendant's motion for discovery of the amounts of settlement agreements "because such information is irrelevant to the liability of the defendant or the amount of damages which may be awarded against it." In the instant case, State's reason for seeking discovery of the settlement agreement relates to the credibility of LGS's employees and to the plaintiff's motives for leaving his job, not to the question of LGS's liability or the amount of damages to be awarded against it. The settlement agreement at issue here is relevant and thus discoverable.
In the March 6, 1991 reasons for judgment, the trial court further explained his reasons for denying State's motion to discover the settlement agreement by stating that the plaintiff himself would likely suffer prejudice if the settlement is "revealed." However, the settlement agreement could prejudice the plaintiff only if it is admitted at trial. Since discoverability is not controlled by admissibility, the trial court erred in denying the discovery request for that reason. Under La.C.C.P. 1422, only two issues may be considered when determining discoverability of information which is not privileged: (1) Is the information sought relevant? and (2) Does the information appear "reasonably calculated to lead to the discovery of admissible evidence?" Concerning the request for discovery of the settlement agreement in the instant case, the answer to both questions is "yes."
In quashing the discovery of the testimony and documents related to the warning issued by LGS, the trial court cited La.C.E. art. 407 which makes evidence of subsequent remedial measures inadmissible to prove negligence or culpability on the part of the party taking the measures. Once again, however, the trial judge improperly decided a discoverability issue on the basis of whether the information would have been admissible at trial. Since the information sought by State is both relevant and "reasonably calculated to lead to the discovery of admissible evidence," it is discoverable.
State also sought discovery of information concerning other similar incidents or claims involving flammable substances being ignited by gas water heaters or other gas-fired appliances. The trial court denied this discovery request on the basis of the fact that communications between attorneys and clients are privileged. Under La. C.C.P. 1422, privileged information is not discoverable. However, State's deposition notice directs LGS to produce the following:
Copies of all lawsuits filed in the past five years against Louisiana Gas service Company and alleging negligence or strict liability against Louisiana Gas Service Company with respect to an accident *1021 involving injuries or property damage allegedly caused by the ignition of gasoline, gasoline vapors or other flammable liquids or vapors by a gas water heater located in a residential garage.
Lawsuits are public record; they certainly do not fall within the attorney/client privilege invoked by the trial judge. Since the production request is not related to privileged materials and the information meets the other two requirements for discoverability, the trial court improperly quashed the discovery request.
For the above and foregoing reasons, the decision of the trial court is reversed.
REVERSED.