JOY COSSICH LOBRANO, Judge.
| Appellants, Joseph P. Ruppel and Chaffe & Associates, non-parties to the underlying expropriation suit in the above-captioned matter, appeal the trial court’s December 11, 2013 judgment denying their motions to quash certain subpoenas and subpoenas duces tecum,.[1] For reasons that *1267 follow, we reverse and remand for further proceedings.
This appeal involves litigation that began in December 2010, when the plaintiff, St. Bernard Port, Harbor & Terminal District (“St. Bernard Port”), filed an expropriation petition, seeking to acquire property owned by defendant, Violet Dock Port, Inc., L.L.C. (“Violet Dock Port”). Citing its expropriation authority set forth in La. R.S. 34:1708, St. Bernard Port alleged in its petition that the expropriation of the Violet Dock Port property is necessary, and in the public interest, to expand its current Chalmette Terminal facility for the purpose of | creating a port terminal facility capable of accommodating both liquid-bulk and dry-bulk commodities.
During the 2013 valuation trial in the expropriation action, ¾ St. Bernard Port learned, allegedly for the first time, that Mr. Joseph P. Ruppel had sold his approximately 34% membership interest in Violet Dock Port to his heirs on September 15, 2009. Several months prior to that sale, Mr. Ruppel retained Chaffe & Associates, a company providing investment banking and consulting services,' to value his membership interest in Violet Dock Port for tax and estate planning purposes. The report valuing Mr. Ruppel’s interest in Violet Dock Port was issued by Chaffe & Associates on May 31, 2009.
The expropriation petition in the underlying action was filed on December 22, 2010, fifteen months after Mr. Ruppel’s sale of his membership interest in Violet Dock Port and almost nineteen months after the issuance of the valuation report prepared by Chaffe & Associates. In October 2013, when St. Bernard Port learned of the 2009 sale of Mr. Ruppel’s membership interest and the valuation report prepared by Chaffe & Associates prior to the sale, St. Bernard Port served subpoenas and subpoenas duces tecum on Mr. Rup-pel and Chaffe & Associates seeking Mr. Ruppel’s appearance at trial and the production of the 2009 valuation report and certain related documents (hereinafter referred to collectively as “the Chaffe Report”.) St. Bernard Port also had a subpoena issued to Vanessa Brown Claiborne, Chaffe & Associates’ registered agent for service of process, seeking Claiborne’s appearance at the expropriation trial. At no time during the ^expropriation litigation between St. Bernard Port and Violet Dock Port has Mr. Ruppel or Chaffe & Associates or any representative of Chaffe & Associates been named as a party to that action.
Following the issuance of the subpoenas and subpoenas duces tecum, Mr. Ruppel and Chaffe & Associates filed motions to quash, for protective order and for costs,[2] contending that the Chaffe Report is privileged and contains confidential information. Alternatively, Mr. Ruppel and Chaffe & Associates argued that St. Bernard Port did not meet its burden of proving both good cause and relevancy to justify the production of documents from non-parties. St. Bernard Port filed a motion to compel production from Violet Dock Port, and alternatively, to enforce the subpoenas duces tecum served on Mr. Ruppel and Chaffe & Associates. No one associated with St. Bernard Port has seen the Chaffe Report, but St. Bernard Port argued that representations and exhibits in motions filed by Mr. Ruppel and Chaffe & Associ *1268 ates indicate that the Chaffe Report is relevant and discoverable. In the December 11, 201S judgment appealed from, the trial court granted St. Bernard Port’s motion to compel, denied Mr. Ruppel’s and Chaffe & Associates’ motions to quash, and ordered the production of the Chaffe Report. The trial court did not provide reasons for judgment. Mr. Ruppel and Chaffe & Associates now appeal the December 11, 2013 judgment.
|4On appeal, Mr. Ruppel and Chaffe & Associates argue that the trial court erred in denying their motions to quash. They argue that the Chaffe Report, prepared almost nineteen months prior to the filing of the expropriation action, and solely for the purpose of valuing a non-party’s minority membership interest in Violet Dock Port for tax and estate planning purposes, is privileged, irrelevant, inadmissible and untimely. The non-party appellants also argue that the trial court erred in denying their motion for costs.[3] They further argue that the trial court’s order to produce the Chaffe Report violates La. C.E. article 515, relative to the accountant-client privilege, and La. C.E. article 517(A), relative to the prohibition against ordering an accountant or his representative to reveal information obtained from a client in the course of representing that client.
St. Bernard Port argues that the Chaffe Report is not privileged under La. C.E. article 515 because Chaffe & Associates is not an “accountant” or “representative” as defined by that article and the report is not a “confidential communication” as referred to in that article because Mr. Rup-pel and Chaffe & Associates contemplated production of the report to a third party, i.e., the Internal Revenue Service. They argue that the Chaffe Report is relevant because it is corroborative evidence regarding the key issue before the trial court, i.e., the value of Violet Dock Port. They further argue that it is evidence of Violet Dock Port’s and/or Mr. Ruppel’s belief as to the property’s value, and it is also evidence as to the credibility of St. Bernard Port’s expert appraiser who was the same appraiser | ¿relied upon by Chaffe & Associates in generating its valuation report regarding Mr. Ruppel’s interest in Violet Dock Port.
The main issue on appeal is whether the trial court properly ruled that the Chaffe Report is discoverable. “A trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent an abuse of discretion.” Sercovich v. Sercovich, 2011-1780, p. 5 (La.App. 4 Cir. 6/13/12), 96 So.3d 600, 603.
La. C.C.P. article 1422 provides, in pertinent part, that “[pjarties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” La. C.E. article 401 defines “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” The Louisiana Supreme Court has noted that a showing of relevancy and good cause has been required where a party seeks production of records from a non-party. Stolzle v. Safety & Systems Assurance Consultants, Inc., 2002-1197, p. 3 (La.5/24/02), 819 So.2d 287, 289, citing Ouachita National Bank v. Palowsky, 554 So.2d 108 (La.App. 2 Cir.1989) (emphasis added).
In an expropriation suit, the property owner is to be compensated at the *1269 market value of the property taken according to its highest and best use, and market value is determined as of the date of the taking. City of New Orleans v. Giraud, 346 So.2d 1113, 1118 (La.App. 4 Cir.1977). The date of the taking in this |ficase is December 22, 2010, the date of the institution of the expropriation suit. See State v. Landry, 219 La. 721, 728, 53 So.2d 908, 910 (La.1951) (“The rule is well settled that the measure of value of property expropriated for public use is the market value of the property at the date of institution of the expropriation suit.”)
In support of its claims regarding the value of the Violet Dock Port property, St. Bernard Port seeks production of a document created in May 2009 (almost nineteen months prior to the filing of the expropriation suit) by a non-party (Chaffe & Associates) for another non-party’s (Mr. Rup-pel’s) tax and estate planning purposes and paid for from that non-party’s (Mr. Rup-pel’s) personal funds. We conclude that St. Bernard Port has not made a showing that the May 2009 valuation report of Mr. Ruppel’s former minority membership interest in Violet Dock Port for tax and estate planning purposes is relevant to the determination of the market value of the Violet Dock Port property as of December 22,2010 for expropriation purposes.
In support of its argument that the Chaffe Report is discoverable, St. Bernard Port relies on the fact that the Chaffe & Associates engagement ágreement, which was signed by Mr. Ruppel and a representative of Chaffe & Associates, lists Violet Dock Port as the client. Mr. Ruppel and Chaffe & Associates argue that Violet Dock Port was listed as the client in error. The trial court stated at the December 9, 2013 hearing that if the statement on the agreement that Violet Dock Port was the client was a mistake, “[i]t was a fatal mistake.” We disagree. Other than this one reference to Violet Dock Port as the client, the remainder of the engagement ^agreement, the uncontroverted affidavits of Mr. Ruppel’s personal CPA, the President and Chief Executive Officer of Chaffe & Associates and a Senior Vice President of Chaffe & Associates, and other documentation support the position of Mr. Rup-pel and Chaffe & Associates that Mr. Rup-pel, and not Violet Dock Port, was the client for whom the Chaffe Report was prepared.
On the engagement agreement, the person listed as the contact person for the client was Mike Keim, Mr. Ruppel’s personal CPA. Keim stated in his affidavit that he retained Chaffe & Associates on behalf of his client, Mr. Ruppel. Vanessa Claiborne, the President and CEO of Chaffe & Associates and Marc Katsanis, a Senior Vice President of Chaffe & Associates who signed the engagement agreement on behalf of Chaffe & Associates, both stated that the identification of Violet Dock Port as the client on the engagement agreement was a mistake and an incorrect statement. Both Claiborne and Katsanis stated in their affidavits that Mr. Ruppel was the client, not Violet Dock Port. The stated purpose of the engagement of Chaffe & Associates’ services was to value a 34.08% interest in Violet Dock Port (the interest owned at that time by Mr. Rup-pel) for sale of that interest to a trust. Mr. Ruppel signed the engagement agreement and paid for the valuation report with his own personal check. There is no evidence that the Chaffe Report has ever been disclosed to personnel at Violet Dock Port. The listing of Violet Dock Port on the engagement letter as . the client, which the overwhelming evidence in the record shows to be in error, is not sufficient to deem the Chaffe Report discoverable evidence.
|sIn addition to failing to make an adequate showing that the Chaffe Report *1270 is relevant in the expropriation action, we also conclude that St. Bernard Port failed to make a showing of good cause to discover the requested documents, or to force a representative of Chaffe & Associates to testify on behalf of St. Bernard Port. St. Bernard Port obtained its own expert appraisals regarding the value of the Violet Dock Port property in preparation for the valuation trial. It. has not shown good cause to discover a document paid for by a non-party and created for the purpose of valuing that non-party’s minority membership interest in Violet Dock Port for tax and estate planning purposes. Stated another way, St. Bernard Port has not shown that the Chaffe Report is necessary to establish the value of the Violet Dock Port property in the expropriation action. Furthermore, the argument St. Bernard Port raises regarding the credibility of the appraiser relied upon in the Chaffe Report is not a sufficient reason to allow the intrusion into the records of the non-party appellants.
Although the trial court did not issue reasons for judgment, the judgment denying the motions to quash indicates that the trial court found that St. Bernard Port made showings of relevancy and good cause to justify its request for the production of records from the non-parties and for compelling the testimony of a representative |9of Chaffe & Associates regarding these records. Based on our review of the record, we conclude that such a finding was an abuse of the trial court’s discretion. The failure of St. Bernard Port to make showings of relevancy and good cause for production of the requested documents and for a representative of Chaffe & Associates to be compelled to appear at the expropriation trial warrants reversal of the trial court judgment.[4] Because of our conclusion that St. Bernard Port did not carry its burden of showing relevancy and good cause, we need not address the non-party appellants’ other arguments, including its arguments as to whether the Chaffe Report is subject to the accountant-client privilege as set forth in La. C.E. articles 515 and 517.
Mr. Ruppel and Chaffe & Associates also argue that the trial court erred in denying their motions for costs. Because the judgment appealed from is silent as to the issue of costs, we are remanding this matter to the trial court for consideration of whether costs should be awarded to Mr. Ruppel and Chaffe & Associates in light of our conclusion that the trial court abused its discretion in denying the non-party appellants’ motions to quash.
For the reasons stated above, the trial court judgment denying the motions to quash filed on behalf of the non-party appellants, Mr. Ruppel and Chaffe & Associates, is hereby reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The trial court initially denied appellants' motion for suspensive appeal. Appellants sought supervisory writs from the denial of that motion. On December 19, 2013, this Court, in 2013-C-1643, granted the writ application and held that the trial court erred in denying the motion for suspensive appeal. This Court stated that the determination of discovery questions as to one who is not a party to the case is a final appealable judg *1267 ment, citing Larriviere v. Howard, 2000-168 (La.App. 3 Cir. 10/11/00), 771 So.2d 747; R.J. Gallagher Co. v. Lent, Inc., 361 So.2d 1231 (La.App. 1 Cir.1978); La. C.C.P. arts. 1841, 2083(A). The trial court subsequently signed an order granting the suspensive appeal.

. The motion to quash, for protective order and for costs filed by Chaffe & Associates was also filed on behalf of Vanessa Claiborne, its President, CEO and registered agent for service of process, who was subpoenaed to testify in the expropriation action.

. The judgment appealed from is silent as to the non-party appellants’ motions for protective order and costs.

. We note that the trial court stated at the December 9, 2013 hearing that he was not going to compel Mr. Ruppel to testify, but the December 11, 2013 judgment is silent on that issue. To be clear, our ruling that the trial court abused its discretion in denying the motions to quash also applies to the subpoena seeking Mr. Ruppel's appearance at trial.