| | | |
|---|---|---|
| **MARGIE HENDRICKS AND MYRTIS HENDRICKS WILLIAMS** | * | **NO. 2021-CA-0109** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **WELLS FARGO INSURANCE, STERICYCLE, INC., SHADRACK LONG, ORTEGAS COLEMAN AND EAN HOLDINGS, LLC** | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01575  C\W 2018-02116, 2018-07267, 2018-08066, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)


Donald Edward McKay, Jr.
McNeil Kemmerly
Katie F. Wollfarth
Robert McKnight
LEAKE & ANDERSSON, LLP
1100 Poydras, Suite 1700
Metairie, LA 70163


      COUNSEL FOR DEFENDANT/APPELLANT


Matthew S. Chester
Matthew C. Juneau
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

      COUNSEL FOR APPELLEE/SEAN ALFORTISH

              **AFFIRMED**

              **October 27, 2021**

This is an appeal from the trial court's granting of a motion to quash a pre-trial discovery subpoena directed to a non-party's cell phone provider. For the reasons that follow, the ruling is affirmed.

*Facts*

The underlying lawsuit consists of four consolidated personal injury cases filed subsequent to an August 15, 2017 motor vehicle accident between a van and an 18-wheel tractor trailer (hereinafter "2017 accident"). The named defendants that are relevant to this appeal are Shadrack Long, the driver of the tractor trailer, his employer, Stericycle, and its insurer, Greenwich Insurance Company (collectively "the Appellants") and the driver of the van, Ortegas Coleman. In the course of discovery, the Appellants associated Ortegas Coleman with Cornelius Garrison through phone calls between the men before and after the 2017 accident. Cornelius Garrison had been indicted in federal court for conspiring to fraudulently stage motor vehicle accidents. Further discovery revealed that Cornelius Garrison had been in contact with another cell phone number and Appellants issued a subpoena duces tecum to the cell phone provider, Sprint Spectrum, LP ("Sprint")

1

requesting two years of records for the specific cell phone number. That subpoena was met with a motion to quash filed on behalf of the owner of the cell phone number, Sean Alfortish.

Additionally, the Appellants filed a motion for leave of court to file supplemental and amending pleadings to assert a reconventional demand against Plaintiffs, a cross-claim against co-defendant Ortegas Coleman, as well as a third-party demand against Cornelius Garrison, alleging that the 2017 accident was fraudulently staged. The pleadings further asserted that the subject accident was part of a wide-ranging conspiracy between the plaintiffs, Ortegas Coleman, and Cornelius Garrison to stage motor vehicle accidents and file personal injury claims against companies operating 18-wheel tractor trailers.

After a hearing, the trial court granted the Appellants' motion for leave to file the amendment and additional claims. The trial court also granted Sean Alfortish's motion to quash the subpoena issued to Sprint. This appeal followed.

*Discussion*

On appeal, the Appellants maintain that the trial court abused its discretion when it granted the motion to quash by placing the burden of proof to show good cause to warrant the discovery on the Appellants or alternatively, by not finding that the Appellants showed good cause to obtain the discovery.[1]

The subpoena that was issued to Sprint sought cell phone records for the period of July 1, 2017 and January 1, 2019, including but not limited to billing statements, cell sites activations, numbers dialed, and sent and/or received text

---

[1] Appellants also challenge, for the first time on appeal, Sean Alfortish's standing in this case claiming he failed to prove ownership of the cell phone number. However, the record indicates that the Appellants' opposition to the motion to quash declared that Sean Alfortish's ownership was judicially confessed. *See*, *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 2003-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159 ("A judicial confession has the effect of waiving evidence as to the subject of the admission").

2

messages. In response, the motion to quash argued that Sean Alfortish is a non-party to the litigation, is not a witness to the 2017 accident, and has no connection with the facts at issue. Thus, his personal information is irrelevant to this matter and the subpoena should be quashed. Opposing the motion to quash, the Appellants revealed that Sean Alfortish's cell phone records were sought because his cell phone number appeared numerous times in the cell phone records of Cornelius Garrison. In arguing why that was relevant to this case, the Appellants informed the trial court that Cornelius Garrison had been indicted in a federal court case, *United States v. Garrison* ("the Indictment").[2] The Indictment alleged that Cornelius Garrison had been involved in staging as many as fifty accidents with 18-wheel tractor trailers with "Co-Conspirator A." The Appellants further revealed that Cornelius Garrison had been in contact with the driver in this case Ortegas Coleman several times before and after the 2017 accident including several calls the day of that accident. The record supports those facts.

Next, the Appellants suggest that even though Sean Alfortish had no contact with Ortegas Coleman at any time, and no contact with Cornelius Garrison on the date of the 2017 accident, he was "Co-Conspirator A." That assertion was based on news outlets' reporting but has not been substantiated. Sean Alfortish has not been named in the Indictment. So, although Appellants were able to connect Ortegas Coleman to Cornelius Garrison, none of the evidence presented establishes a connection between Sean Alfortish and Ortegas Coleman or any plaintiff in this case.

Generally, a party may obtain discovery of any information which is relevant to the subject matter involved in the pending action. There are limitations

---

[2] No. 2:20-CR-00092 (E.D. La. 2020).

to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. *Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197, p.2 (La. 05/24/02); 819 So. 2d 287, 289, (citing La. Code Civ. P. Art. 1422. La. Code Civ. P. art. 1426; *Laburre v. East Jefferson Gen. Hosp.*, 555 So. 2d 1381 (La. 1990)). Additionally, a showing of relevancy and good cause for production has been required in Louisiana cases where a party seeks production of records from a non-party. *Stolzle*, 2002-1197, p.3, 819 So.2d at 289 (citing *Ouachita Nat'l Bnk in Monroe v. Palowsky,* 554 So.2d 108 (La.App. 2nd Cir. 1989)); *see St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 2014-0286, p. 5 (La.App. 4 Cir. 8/27/14), 147 So.3d 1266, 1268.

Further, La. C.C.P. Art. 1426 provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (1) That the discovery not be had.

Prior to ordering discovery from a third party, which has invoked its right to be protected, the trial court must be convinced of the relevancy and necessity of such discovery in achieving its intended purpose. *Channelside Services., LLC v. Chrysochoos Group, Inc.*, 2015-0064, p. 19 (La. App. 4 Cir. 05/13/16); 194 So. 3d 751, 762. A trial court's regulation of pre-trial discovery is afforded broad discretion and will not be reversed by an appellate court in the absence of a clear abuse of discretion. *Channelside*, 2015-0064, p.8, 194 So.3d at 756 (citing

*Sercovish v. Sercovich*, 2011-1780, p. 5 (La.App. 4 Cir. 6/13/12), 96 So.3d 600, 603).

In *Stolzle, supra*, the trial court considered requests for production which, although directed to a party, concerned the personal information of non-parties, including credit card receipts, telephone bills, cellular telephone bills, fax changes, travel ledgers, gas receipts, car rental receipts, airline receipts, and lodging receipts. *Stolzle*, 2002-1197, p. 3, 819 So.2d at 289. Although the trial court denied a motion for protective order, the Louisiana Supreme Court vacated and set aside the trial court order and remanded the matter back to the trial court to grant the protective order. *Stolzle*, 2002-1197, p. 4, 819 So.2d at 290. The Court noted, "The trial court failed to determine whether Mr. Stolzle has made a showing of good cause, nor did it make a finding he could not discover this information in a less intrusive manner." *Stolzle*, 2002-1197, p. 3, 819 So.2d at 289.

In addition, this Court in *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., L.L.C.*, extended protection to a non-party with respect to information and documents not necessary to determine the issues in dispute. In that expropriation suit, the plaintiff issued a trial subpoena and subpoena duces tecum non-parties to obtain a property valuation report, documents associated with the report, and testimony regarding the report and documents. *St. Bernard Port*, 14-0286, p. 2, 147 So.3d at 1267. The trial court granted a motion to compel and denied a motion to quash. This Court reversed, finding that the trial court abused its discretion because St. Bernard Port failed to make a showing of good cause. This Court further stated that St. Bernard Port had not shown that the report was necessary to establish the value of the Violet Dock Port property in the expropriation action. *Id.*

*Stolzle* and *St. Bernard Port* demonstrate that the party seeking discovery from a non-party must show good cause or the subpoena will be quashed. Federal cases specifically addressing motions to quash subpoenas for cell phone records *Winter v. Bisso Marine Co., Inc.,* 13-CV-5191, 2014 WL 3778833, (E.D. La. July 29, 2014) and *Scott v. Complete Logistical Services, LLC*, No. 19-CV-11672, 2021 WL 2402161 (E.D. La. June 11, 2021), are guidance for this Court on the issue. In *Winter,* defendant Bisso issued a subpoena duces tecum to Verizon Wireless, plaintiff's cell phone provider, seeking all records related to plaintiff's cell phone number, including billing and usage charges, and all logs of incoming and outgoing calls and texts, and data transfers for a specified period of time. *Winter*, 2014 WL 3778833, at *1. Bisso asserted that the records would reveal information relevant to the plaintiff's claim that the accident caused him to have ongoing mental and physical problems. *Id.* The plaintiff moved to quash the subpoena, arguing that it was overly broad, unduly burdensome and sought irrelevant and possibly privileged materials and was not reasonably calculated to lead to the discovery of admissible evidence. The district court granted the motion to quash, finding Bisso's arguments too tenuous to support a finding that the requested records were relevant. *Id*.

In *Scott,* a more recent federal decision, the plaintiff, Joseph Scott filed a seaman complaint after sustaining injuries when a crane fell on his shoulder. *Scott,* 2021 WL 2402161, at *1. Thereafter, defendants filed a subpoena for the production of two years of Scott's cell phone records for the purpose of establishing that Scott was exaggerating his injuries. Scott filed a motion to quash the subpoena claiming the subpoena was unreasonable and a fishing expedition that was an invasion of privacy. *Id.* Relying on *Winter*, the district court reasoned

that the subpoena was not proportional to the needs of the case. *Scott,* 2021 WL 2402161, at *3. Both cases acknowledged an individual's reasonable expectation of privacy in the electronic contents of a cell phone.

In *Winter and Scott*, the defendants sought the cell phone records of a party plaintiff to obtain information to bolster their defense against the plaintiff's claims. The district court in both cases found that the defendants failed to establish good cause. Here, the Appellants rely on speculation and conjecture in asserting that Sean Alfortish's cell phone records will support their claims of fraud in this case. The trial court provided the following oral reasons for quashing the subpoena:

> Mr. Alfortish is not a party. He's not an attorney in this case. I believe before you can get his telephone records, you need to get something more. So, for that reason I'm going to grant the motion to quash a subpoena for Mr. Alfortish's telephone records.

Given the record and applicable law, this Court does not find that the trial court abused its vast discretion in this matter. Accordingly, the ruling of the trial court to quash the subpoena is affirmed.

**AFFIRMED**