| | | |
|---|---|---|
| MARGIE HENDRICKS AND MYRTIS HENDRICKS WILLIAMS | * | NO. 2021-CA-0552 |
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| WELLS FARGO INSURANCE, STERICYCLE, INC., | * | STATE OF LOUISIANA |
| SHADRACK LONG, ORTEGAS COLEMAN AND EAN HOLDINGS, LLC | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01575 C\W 2018-02116, 2018-07267, 2018-08066, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Pro Tempore Judge Madeline Jasmine)

**LOBRANO, J., CONCURS IN THE RESULT**

Matthew S. Chester
Matthew C. Juneau
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

      COUNSEL FOR APPELLANT/SEAN ALFORTISH

McNeil Kemmerly
Donald Edward McKay, Jr.
Katie F. Wollfarth
LEAKE & ANDERSSON, LLP
1100 Poydras Street
Suite 1700
Metairie, LA 70163

      COUNSEL FOR APPELLEES/STERICYCLE, INC., SHADRACK LONG, AND GREENWICH INSURANCE COMPANY

            **VACATED AND REMANDED**
            **March 9, 2022**

*MJ*

*EAL*

This appeal arises from a personal injury suit following an August 2017 motor vehicle accident. The appellant, Sean Alfortish ("Mr. Alfortish"), a non-party, appeals the trial court's July 2021 judgment denying his motion to quash a deposition subpoena. In that we find the trial court applied the wrong legal standard, we vacate the trial court's judgment and remand the matter to the trial court for its reconsideration under the correct legal standard.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The underlying personal injury suit consists of four consolidated personal injury cases filed subsequent to an August 15, 2017 motor vehicle accident between a van and an 18-wheel tractor trailer. The named defendants relevant to this appeal are Shadrack Long, the driver of the tractor trailer, his employer, Stericycle, and its insurer, Greenwich Insurance Company (collectively

"Appellees/Stericycle")[1], and the driver of the van, Ortegas Coleman. The alleged accident occurred on I-10 in New Orleans on August 15, 2017 ("the August 2017 accident"), in which Shadrack Long merged from the left lane and struck the van driven by Ortegas Coleman and in which plaintiffs were passengers. Stericycle contends that the August 2017 accident was staged and that it is part of a larger scheme of staged accident insurance fraud cases which led the FBI to open a federal investigation that has garnered considerable media attention.

The parties in dispute herein, were previously before this Court in *Hendricks v. Wells Fargo Ins., Stericycle, Inc.*, 21-0109, p. 1-2 (La. App. 4 Cir. 10/27/21), --- So.3d ---, 2021 WL 4987962, *reh'g denied*, 21-0109 (La. App. 4 Cir. 11/23/21) (herein "*Hendricks I*"). In that appeal, this Court explained the factual background giving rise to the instant dispute involving Mr. Alfortish as follows:

> In the course of discovery, [Stericycle] associated Ortegas Coleman with Cornelius Garrison through phone calls between the men before and after the [August] 2017 accident. Cornelius Garrison had been indicted in federal court for conspiring to fraudulently stage motor vehicle accidents. Further discovery revealed that Cornelius Garrison had been in contact with another cell phone number and [Stericyle] issued a subpoena duces tecum to the cell phone provider, Sprint Spectrum, LP ("Sprint") requesting two years of records for the specific cell phone number. That subpoena was met with a motion to quash filed on behalf of the owner of the cell phone number, Sean Alfortish.
>
> Additionally, [Stericyle] filed a motion for leave of court to file supplemental and amending pleadings to assert a reconventional demand against Plaintiffs, a cross-claim against co-defendant Ortegas Coleman, as well as a third-party demand against Cornelius Garrison, alleging that the [August] 2017 accident was fraudulently staged. The pleadings further asserted that the subject accident was part of a wide-ranging conspiracy between the plaintiffs, Ortegas Coleman, and Cornelius Garrison to stage motor vehicle accidents and file personal injury claims against companies operating 18-wheel tractor trailers.

---

[1] For ease of discussion, we refer to appellees Shadrack Long, Stericycle, and Greenwich Insurance Company singularly as "Stericycle."

2

*Hendricks I.*, 21-0109, p. 1-2, --- So.3d at ---, 2021 WL 4987962 at *1-2.

In *Hendricks I*, Stericycle appealed the trial court's grant of Mr. Alfortish's motion to quash a pre-trial discovery subpoena directed to Sprint, for the period of July 17, 2017, through January 1, 2019, including but not limited to billing statements, cell sites activations, numbers dialed, and sent and received text messages. *Hendricks I*, 21-0109, p. 2-3, --- So. 3d ---, 2021 WL 4987962 at *2. This Court determined that the trial court did not abuse its discretion in granting Mr. Alfortish's motion to quash the subpoena for his cell phone records and affirmed the trial court's ruling.

In the instant appeal, Stericycle sought to compel the deposition of Mr. Alfortish and to produce unspecified "records." Mr. Alfortish filed a motion to quash the deposition subpoena, arguing he is a "non-party, who did not witness the accident, was neither a driver nor a passenger, and otherwise has no material connection to the accident." After a hearing on the motion, the trial court denied the motion to quash, finding that counsel for Stericycle had indicated to the trial court that counsel, not the trial court, "has a reasonable…belief that evidence that can be adduced from Mr. Alfortish is relevant to these proceedings." The trial court further reasoned that in its view a subpoena to depose a non-party is different than a subpoena to produce records of a non-party. It is from the trial court's denial of his motion to quash the deposition subpoena that Mr. Alfortish seeks appellate review.

### STANDARD OF REVIEW

A trial court is afforded broad discretion in its consideration of discovery matters. *Sercovich v. Sercovich*, 11-1780 (La. App. 4 Cir. 6/13/12), 96 So. 3d 600, 603. On appellate review, this Court will not disturb the trial court's ruling in the

absence of an abuse of discretion. *Id.* "An appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order." *Id.* (quoting *Wollerson v. Wollerson*, 29,183, p. 2 (La. App. 2 Cir. 1/22/97), 687 So.2d 663, 665).

"When an appellate court finds the trial court made a reversible error of law, it is required, whenever the state of the record on appeal so allows, to redetermine the facts de novo from the entire record and render a judgment on the merits." *Laboriel-Pitio v. Latiker*, 20-0669, p. 15 (La. App. 4 Cir. 6/16/21), 323 So.3d 929, 938 (quoting *Dileo v. Horn*, 15-0684, p. 25 (La. App. 5 Cir. 3/16/16), 189 So.3d 1189, 1207). Nevertheless, "'[t]he authority for an appellate court to remand a case to the trial court for proper consideration, where it is necessary to reach a just decision and to prevent a miscarriage of justice, is conferred by La. C.C.P. art. 2164.'"[2] *Laboriel-Pitio*, 20-0669, p. 15, 323 So.3d at 938-39 (quoting *Wegener v. Lafayette Ins. Co.*, 10-0810, p. 19-20 (La. 3/15/11), 60 So.3d 1220, 1233-34). "Whether a particular case should be remanded is a matter which is vested largely within the court's discretion and depends upon the circumstances of the case." *Id.*, 20-0669, p. 15, 323 So.3d at 939 (citation omitted).

## *DISCUSSION*

On appeal, Mr. Alfortish avers that the trial court applied the incorrect legal standard when it denied his motion to quash the deposition subpoena. Mr. Alfortish asserts that the trial court's oral reasons reflect that the trial court

---

[2] La. C.C.P. art. 2164 provides: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."

4

erroneously determined that a party may depose a non-party solely based on a counsel's reasonable belief that the information sought from the non-party is relevant. Mr. Alfortish argues that there is no support under Louisiana law for a party to obtain discovery from a non-party merely by representing that it has a belief that the discovery sought is relevant to the case. Mr. Alfortish contends that the same standard that applied to Mr. Alfortish's motion to quash the cell phone records in *Hendricks I*—a showing of relevancy and good cause—should apply in the context of the deposition subpoena.

Stericycle, on the other hand, takes the position that the prerequisites of relevancy and good cause do not apply in this case because the relief Mr. Alfortish actually seeks in this case is a protective order pursuant to La. C.C.P. art. 1426. Pursuant to La. C.C.P. art. 1426, the burden of proof is on the party seeking the protective order to show good cause. Stericycle argues that Mr. Alfortish failed to carry his burden and because discovery rules are to be liberally construed to achieve their intended purpose, the trial court did not abuse its discretion in ruling that Stericycle may depose Mr. Alfortish.

Stericycle also claims that even if the relevancy and good cause standard applies to the deposition subpoena, the trial court "implicitly" found that Stericycle met its burden of proof. Stericycle submits that the trial court indicated that it viewed the deposition of Mr. Alfortish as being much less intrusive than the production of cell phone records. Thus, Stericycle argues, the same evidence presented for production of the cell phone records, although found to be insufficient by the trial court and this Court, could suffice to compel the deposition of Mr. Alfortish.

5

Despite Stericycle's contention, the record reflects that Mr. Alfortish did not move for a protective order under La. C.C.P. art. 1426. Mr. Alfortish filed a motion to quash pursuant to La. C.C.P. art. 1354. Therefore, Stericycle's argument in this regard is without merit.

In our review, Louisiana jurisprudence does not address the specific scenario presented here, where a non-party files a motion to quash a deposition subpoena, rather than a motion to quash a subpoena seeking only documents. Nevertheless, the Code of Civil Procedure demonstrates that the rules governing subpoenas for documents and deposition subpoenas are the same. Specifically, La. C.C.P. art. 1356 relates to "Subpoenas and subpoenas duces tecum for depositions or inspection" which provides in pertinent part that "[a]ll provisions applicable to subpoenas and subpoenas duces tecum shall apply to subpoenas and subpoenas duces tecum issued under the provisions of this Article, except as otherwise provided by law."

In *Channelside Servs., LLC v. Chrysochoos Group, Inc.*, 15-0064 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, a judgment creditor sought to enforce a money judgment by obtaining a charging order against a limited liability company in which the judgment debtor had a membership interest. The judgment creditor issued a records deposition subpoena and subpoena duces tecum and the limited liability company filed a motion to quash. On appeal, this Court recognized that "Louisiana jurisprudence has required a showing of relevancy and good cause by a party seeking production of records from a non-party." *Id.,* 15-0064, p. 11 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 758 (citing *Stolzle v. Safety & Sytems Assur.*

6

*Consultants, Inc.*, 02-1197, p. 3 (La. 5/24/02), 819 So.2d 287, 289).[3] Giving consideration to the relevancy and good cause standard, we found the trial court abused its discretion. This Court reasoned that ordering the production of documents back to January 1, 2011, had no relevance to an underlying money judgment in 2013 or the assignment of a membership interest in 2014, and therefore, "the trial court's order to produce documents dating back to January 1, 2011[,] was not sufficiently supported by any relevance or showing of good cause." *Id.*, 15-0064, p. 19, 194 So.3d at 762.

Further, in *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 14-0286, (La. App. 4 Cir. 8/27/14), 147 So.3d 1266, a port operator and his consulting firm, non-parties to the port district's expropriation action, filed a motion to quash subpoenas and subpoenas duces tecum relating to the non-party's valuation records. The trial court denied the motion to quash without providing reasons for its judgment. *Id.*, 14-0286, p. 3, 147 So.3d at 1268. This Court found the trial court abused its discretion and reversed the ruling denying the motion to quash, concluding that the port district failed to make showings of relevancy and good cause. *Id.*, 14-0286, p. 9, 147 So.3d at 1270.

Mr. Alfortish submits that notwithstanding the trial court's error in its application of the law, reversal is warranted because there is no cause, much less good cause, to burden him with a deposition in a case to which he claims no connection. Mr. Alfortish contends that this Court should reverse the trial court's denial of the motion to quash the deposition subpoena because Stericycle sets forth the same arguments and evidence to justify the deposition subpoena as the

---

[3] In *Hendricks I*, this Court also held that "[p]rior to ordering discovery from a third party, […] the trial court must be convinced of the relevancy and necessity of such discovery in achieving its intended objective."

7

subpoena duces tecum in *Hendricks I*—that the accident was staged and related to the federal indictment concerning a larger scheme of staged accident insurance fraud cases, which Stericycle alleges Mr. Alfortish is involved. Despite the prior denial of document discovery in *Hendricks I*, Mr. Alfortish asserts that Stericycle "ignor[ed] prior guidance [from this Court] that Mr. Alfortish was irrelevant to this case" when it served him with the deposition subpoena.

The argument Mr. Alfortish sets forth on appeal suggests that the prior denial of the document discovery, and in particular, this Court's affirmation of the trial court's ruling has precedential value on the issue presented herein. We are careful to note, however, that this Court's previous opinion in *Hendricks I* does not state nor should it be interpreted as constituting a full adjudication of the factual question of whether Mr. Alfortish is involved in or has knowledge of a conspiracy to stage the alleged accident at issue in this litigation.

Mr. Alfortish avers that trial court erroneously found that a party may depose a non-party solely based on a counsel's reasonable belief that the information from the non-party is relevant, rather than applying the well-settled standard of showing relevancy and good cause. In its oral reasons for denying the motion to quash, the trial court stated the following:

> As the Court indicated when [c]ounsel was arguing, ***given that the representation has been made that [c]ounsel has a reasonable – a belief or a belief that evidence that can be adduced from Mr. Alfortish is relevant to these proceedings, the Court is going to deny the motion to quash the subpoena.***
>
> I don't know what's happened with the Fourth Circuit relative to the cell phone records. ***The Court views cell phone records of a non-party differently from how we view subpoenas for deposition of a non-party.*** Non parties are deposed all the time for civil cases, but normally their personal records are not subpoenaed without there being some good cause.

Mr. Alfortish avers that the trial court's oral reasons expressly state that the basis for its ruling was Stericycle counsel's "reasonable… belief" that evidence adduced from Mr. Alfortish would be relevant to the instant litigation—*not* that Stericycle actually demonstrated good cause and relevancy for the deposition of a non-party.

Alternatively, Stericycle's contention that the trial court "implicitly" found a showing of good cause and relevancy focuses on the latter portion of the trial court's reasoning, wherein the trial court determined cell phone records of a non-party are viewed differently than a deposition subpoena of a non-party. Stericycle submits that implicit in this statement is *the trial court's* consideration of the relevancy of the evidence Stericycle presented and if good cause was shown. That is to say, while the trial court determined good cause and relevancy was not shown for the issuance of the subpoena for the production of cell phone records, good cause and relevancy was shown for the issuance of the deposition subpoena.

As discussed above, the Code of Civil Procedure establishes that the rules of discovery apply the same to subpoenas and subpoenas duces tecum. *See* La. C.C.P. art. 1356. Louisiana jurisprudence, moreover, demonstrates that the standard the trial court is to apply when considering a motion to quash a discovery subpoena is whether the issuing party has demonstrated relevancy and good cause. *See Channelside*, 15-0064, p. 11, 194 So.3d at 758; *St. Bernard Port*, 14-0286, p. 5, 147 So.3d at 1268. Our jurisprudence further indicates that the relevancy and good cause test applies the same to subpoenas and subpoenas duces tecum. *See generally Channelside*, 15-0064, p. 1, 194 So.3d 751; *St. Bernard Port*, 14-0286, p. 1, 147 So.3d 1266; *Menedez-Ramos v. Garcia Roofing, unpub.*, 2019 WL 1233425, 18-713 (La. App. 5 Cir. 3/15/19) (reversing the trial court's granting of a

motion to quash the deposition testimony of a non-party physician who examined injured plaintiff in connection to his workers' compensation claim, finding physician's testimony relevant to the issue of the nature and extent of the plaintiff's injuries).

It is unclear from the record before us what test the trial court applied to deny the motion to quash. The written judgment is silent regarding what standard the trial court applied as well as what factual findings it made. As evidenced by the parties' competing interpretations, the trial court's oral reasons are open to question as to what test the trial court used to deny the motion to quash. Nevertheless, on appellate review we must rely on the record before us. Thus, insofar as the basis of the trial court's ruling was counsel's belief, rather than its own finding, that relevant evidence could be adduced from deposing Mr. Alfortish, the trial court incorrectly applied the good cause and relevancy test.

Considering this standard and the particular legal error involved, we are of the opinion the circumstances presented in the instant case warrant remand. Moreover, since the filing of this appeal, Mr. Alfortish asserts that there are additional facts and evidence for the trial court to consider, including the testimony of the two drivers in the alleged accident, and the depositions of six other participants in the alleged accident. For these reasons, we find the trial court, as the trier of fact, is in the best position to render its factual findings on the evidence before it.[4]

### DECREE

---

[4] This Court recognizes that on discovery matters, the trial court is vested with much discretion. Accordingly, we make no ruling on the merits of the motion to quash the deposition subpoena and remand the matter to the trial court to ensure the correct legal standard is adhered to.

Based on the foregoing reasons, we find the trial court committed legal error in finding that "counsel" for Stericycle professed a "reasonable belief" that a deposition of Mr. Alfortish could produce relevant evidence, rather than a finding that Stericycle demonstrated relevancy and good cause for such deposition. Therefore, we vacate the judgment on appeal and remand the matter to the trial court for entry of a new judgment reflecting the trial court's findings of fact under the good cause and relevancy standard as set forth in *Channelside* and *St. Bernard Port*.

**VACATED AND REMANDED**