LOUIS EDWARD LLOYD, SR.     *     NO. 2023-C-0637

VERSUS     *

      COURT OF APPEAL

INTERNATIONAL PAPER CO.,     *
ET AL.       FOURTH CIRCUIT

    *

      STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-02394, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**BELSOME, J., DISSENTS**

Ernest A. Burguieres
829 Baronne Street
New Orleans, Louisiana 70113

     COUNSEL FOR INTERVENORS/RELATORS, MARK A. LLOYD, PHILLIS D. COLLIER, CEDRIC LLOYD, COREY LLOYD, RATYSHA BAILEY, AND LOUIS E. LLOYD JR.

Scott R. Bickford
Lawrence J. Centola, III
Neil F. Nazareth
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, Louisiana 70130

AND

Matthew S. Dillahunty
Admitted Pro Hac Vice
James C. Ferrell, P.C.
6226 Washington Ave., Suite 200
Houston, Texas 77006

     COUNSEL FOR PLAINTIFF/RESPONDENT, EVELYN ROBERTSON LLOYD

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**
**November 13, 2023**

Intervenors, Mark A. Lloyd, Phillis D. Collier, Cedric Lloyd, Corey Lloyd, Ratysha Bailey, and Louis E. Lloyd, Jr., seek review of the trial court's ruling granting plaintiff's, Evelyn Lloyd, Motion to Quash Subpoena Duces Tecum. Upon reviewing, we find the trial court abused its discretion by failing to review the settlement documents prior to determining discoverability. Thus, we grant the writ, vacate the judgment, and remand the matter for further proceedings consistent with this opinion.

## *FACTUAL BACKGROUND*

Louis E. Lloyd, Sr., filed the present action in 2019, seeking damages for injuries sustained as a result of exposure to asbestos. Lloyd, Sr. died in 2021, and his wife, Evelyn Lloyd, was substituted as the party plaintiff. Evelyn Lloyd allegedly settled the lawsuit with the defendants in August 2022. Intervenors, Lloyd, Sr.'s children, allegedly learned of the lawsuit in August 2022 and filed a petition for intervention on October 11, 2022. The trial court granted Intervenors leave to file the intervention.

Intervenors issued a subpoena duces tecum to Evelyn Lloyd to obtain the settlement and accompanying documents executed by Evelyn Lloyd. Evelyn Lloyd filed a Motion to Quash the Subpoena Duces Tecum. At the hearing on the

motion, the trial court granted the motion to quash and issued an order on the same date quashing the subpoena duces tecum.

Intervenors contend the trial court erred in quashing the subpoena duces tecum issued to Evelyn Lloyd. The subpoena duces tecum sought production of:

1. A listing of all defendants and their counsel that were involved in the case of Louis Lloyd v. International Paper Co. et al, Civil District Court Case No. 2019-2394 "F".

2. Copies of any and all settlement agreements confected in the case of Louis Lloyd v. International Paper Co. et al, Civil District Court Case No. 2019-2394 "F".

3. Copies of any and all settlement statements confected in the case of Louis Lloyd v. International Paper Co. et al, Civil District Court Case No. 2019-2394 "F".

4. Copies of any and all dismissals of any defendants in the case of Louis Lloyd v. International Paper Co. et al, Civil District Court Case No. 2019-2394 "F".

Evelyn Lloyd asserted in her motion to quash that a list of all defendants and their counsel and all dismissals are readily available to Intervenors by reviewing the case docket and record available in the civil clerk of court's office. Further, she contended she should not be ordered to produce the settlement agreements and statements because the agreements and statements contain confidentiality and/or non-disclosure agreements. She averred that producing same would violate the terms of the settlement agreements.

**DISCOVERY**

"A trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent an abuse of discretion." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., L.L.C.*, 14-0286, p. 5 (La. App. 4 Cir. 8/27/14), 147 So. 3d 1266, 1268 (quoting *Sercovich v. Sercovich,* 11-1780, p. 5 (La. App. 4 Cir. 6/13/12), 96 So. 3d 600, 603). It is well-

2

settled law that "discovery statutes are to be liberally and broadly construed to achieve their intended objectives." *Stolzle v. Safety & Sys. Assurance Consultants, Inc.*, 02-1197, p. 2 (La. 5/24/02), 819 So. 2d 287, 289 (citing *Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So. 2d 125, 129 (La. 1983)). "Generally, a party may obtain discovery of any information which is relevant to the subject matter involved in the pending action." *Scheinuk v. Levenson*, 23-0429, p. 2 (La. App. 4 Cir. 7/24/23), ___ So. 3d ___, ___, 2023 WL 4712278, at *1. "There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing *Hendricks v. Wells Fargo Ins.*, 21-0109, pp. 3-4 (La. App. 4 Cir. 10/27/21), 366 So. 3d 376, 378).

During the discovery process, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." La. C.C.P. art. 1422. La. C.E. art. 401 defines "'[r]elevant evidence'" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

"The discoverability test under La. C.C.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable." *Indus. Pipe, Inc. v. Plaquemines Par. Council*, 12-1348, p. 8 (La. App. 4 Cir. 9/14/12), 100 So. 3d 896, 901. "If that answer is in the affirmative, then the court determines whether an answer to the discovery would 'expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence.'" *Id.* (quoting *MTU of N. Am., Inc. v. Raven Marine, Inc.*, 475 So. 2d

1063, 1067 (La. 1985)). Thus, "[t]he test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Cloud v. Gibson*, 22-0316, p. 4 (La. App. 4 Cir. 7/6/22), 344 So. 3d 253, 256 (citing *Sercovich*, 11-1780, pp. 4-5, 96 So. 3d at 603).

For example, in *Perez v. State Industries, Inc.*, this Court reversed the trial court's denial of a defendant's motion to produce a settlement agreement between the plaintiff, Perez, and a former co-defendant. 578 So. 2d 1018, 1019 (La. App. 4th Cir. 1991). Perez suffered severe burns while attempting to repair a gas line on his pick-up truck, when gasoline on the floor of the garage where he was working was ignited by a gas water heater installed at floor level. *Id.* Perez filed suit against the manufacturer of the water heater, State Industries, Inc., ("State Industries") and his natural gas utility, LGS. *Id.* Subsequently, the plaintiff and LGS entered into a settlement agreement. *Id.* State Industries sought production of the settlement agreement on the basis that the agreement contained a "catch back" provision, commonly referred to as a "Mary Carter" settlement, which entitled LGS to reimbursement of some of the money paid in settlement if Perez recovered from other defendants. *Id.* State Industries argued that any testimony given at trial by LGS employees would be tainted by bias. *Id.* State Industries asserted that Perez had returned to work prior to the settlement, and then he left after he received the settlement funds from LGS. *Id.* State Industries contended that the settlement agreement was relevant to significant issues in the case. *Id.* The trial court denied the motion to produce the settlement agreement on the basis that State Industries failed to demonstrate bias on the part of LGS and its employees. *Id.* at 1020.

State Industries thereafter sought review from this Court. This Court noted in its opinion that the trial court failed to discuss the relevance of the settlement agreement to issues in the case. *Id.* In reversing the trial court, this Court noted that State Industries':

> reason for seeking discovery of the settlement agreement relates to the credibility of LGS's employees and to the plaintiff's motives for leaving his job, not to the question of LGS's liability or the amount of damages to be awarded against it. The settlement agreement at issue here is relevant and thus discoverable.

*Id.* Moreover, the Court stated that:

> [u]nder La. C.C.P. 1422, only two issues may be considered when determining discoverability of information which is not privileged: (1) Is the information sought relevant? and (2) Does the information appear "reasonably calculated to lead to the discovery of admissible evidence?" Concerning the request for discovery of the settlement agreement in the instant case, the answer to both questions is "yes."

*Id.*

In the present case, Intervenors, the biological children of the decedent are entitled to bring survival claims pursuant to La. C.C. art. 2315.1 and wrongful death claims pursuant to La. C.C. art. 2315.2. They seek information about the settlement agreements Evelyn Lloyd entered into with defendants, which resulted in the settlement of the decedent's action for his exposure to asbestos. Evelyn Lloyd objected to the production of the settlement agreements, maintaining that production would violate the terms of the confidentiality and/or non-disclosure provisions of the settlements. However, she does not contend that the settlements are irrelevant to the issues in the case. Further, the trial court did not consider the discoverability test posed by this Court in *Perez*, namely, whether the information sought is relevant and does the information appear reasonably calculated to the

lead to the discovery of admissible evidence. The trial court did not review the settlement documents prior to granting the motion to quash.

As such, we find that the trial court abused its discretion by granting the Motion to Quash Subpoena Duces Tecum without examining the documents sought. We vacate the trial court's judgment and remand the matter for the trial court to conduct an *in camera* inspection of the settlement agreements prior to determining their discoverability pursuant to La. C.C.P. art. 1422. The writ is granted, judgment vacated, and the matter remanded for further proceedings consistent with this opinion.

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**