|, WILLIAMS, Judge.
The appellant, Cheryl Watzek Wollerson, appeals a trial court judgment in favor of the plaintiff, Beverly Anders Wollerson, ordering appellant to produce certain documents in response to plaintiffs various requests for discovery.[1] For the following reasons, we amend the judgment and affirm as amended.
FACTS
The plaintiff filed a rule for increase in child support against the defendant, Billy Ray Wollerson. Subsequently, plaintiff *665 served upon the appellant, defendant’s second wife, a notice of deposition and a subpoena duces tecum requesting: (1) 1990 through 1995 federal and state income tax returns and attachments; (2) all financial records in appellant’s possession including bank statements, canceled checks, earnings statements, and deposit slips for all bank accounts owned by the appellant from 1990 to the date of the subpoena.
In response to the subpoena duces tecum and deposition notice, appellant filed a motion to quash and for a protective order. In her memorandum in support of the motion, appellant argued that she and defendant were living under a separate property regime and thus, her income was not relevant to the proceedings between plaintiff and defendant other than to the extent to which she contributed to the defendant’s expenses. Appellant attached an affidavit listing her contributions to the defendant’s expenses for 1995 and attached canceled checks as proof of those contributions. She further swore that the amounts delineated in the affidavit were her only contributions to the defendant’s expenses.
After a hearing on appellant’s motion, the trial court rendered judgment ordering the appellant to: (1) produce all canceled checks, deposit slips and bank statements for |2the past two years from her personal checking accounts to plaintiff; (2) produce her 1993, 1994, and 1995 federal and state income tax returns with attachments for an in camera inspection by the court; and, (3) appear for her deposition at a convenient time for all parties at appellant’s attorneys’ offices. The judgment denied all other requests for documents filed by plaintiff.
DISCUSSION
By her first assignment of error, appellant contends the trial court erred by ordering appellant to produce two years of her canceled checks, deposit slips and bank statements from two personal checking accounts to the plaintiff. Appellant argues that she has, in good faith, produced all checks representing her contributions to defendant’s expenses. She further argues that she does not have any additional personal cheeks which are relevant to the rule for increase in child support and thus the documents requested are not discoverable. Appellant asserts that any other information regarding defendant’s expenses can be obtained from him. Alternatively, appellant contends that the aforementioned documents should be subject to an in camera inspection by the trial court. We agree with the latter contention.
LSA-C.C.P. Art. 1422 provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. LSA-C.E. Art. 401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” The test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Lehmann v. American Southern Home Insurance Co., 615 So.2d 923, 925 (La.App. 1st Cir.1993).
IsDiscovery statutes are to be liberally and broadly construed to achieve their intended objectives. Further, a trial court has broad discretion in discovery matters. Lehmann v. American Southern Home Insurance Co., supra. Thus, the appropriate standard of review of a discovery order is whether the trial court abused its discretion in issuing the order. See MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La.1985); LaForge v. LaForge, 26,317 (La.App.2d Cir. 12/5/95), 649 So.2d 151. An appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court’s order when determining whether the trial court erred in ruling on a discovery order. Lehmann v. American Southern Home Insurance Co., supra.
In the instant case, the plaintiff seeks to determine the defendant’s income for the purpose of calculating his child support obligations. LSA-R.S. 9:315(6)(a) provides that when determining the amount of child sup *666 port a party should pay, a trial court shall not consider the income of another spouse, despite the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses. Thus, in the instant ease, the trial court may only consider that portion of appellant’s income used directly to reduce the defendant’s actual expenses. See LaForge v. LaForge, supra.
Appellant signed and submitted to the trial court an affidavit listing the amounts she paid during 1995 for certain expenses. She attached copies of cheeks representing those amounts. Appellant further swore that the checks were an accurate representation of the expenses listed, and swore that she does not contribute to defendant’s expenses other than by paying the expenses listed. However, the plaintiff has no way of knowing whether those checks in fact represent appellant’s total contribution to defendant’s expenses. Further, an inspection of appellant’s cheeking account records is one of the few ways plaintiff 14can verify the appellant’s contributions to defendant’s expenditures. Thus, it was not an abuse of discretion for the trial court to order appellant to disclose information from her personal checking accounts. However, the trial court’s order was over broad, because clearly, all checks the appellant has written over the past two years do not represent contributions to the defendant’s income. Therefore, we amend the trial court’s judgment to order the trial court to conduct an in camera inspection of the checking account information referenced in the judgment to determine the relevancy of the information.
By her final assignment of error, appellant contends the trial court erred by ordering her to submit her 1993, 1994, and 1995 Federal income tax returns for an in camera inspection. Appellant first argues that the tax returns have never been prepared and thus, complying with the court’s order is impossible. Further, appellant asserts that any joint interests between appellant and defendant would also appear on his tax returns, which are also subject to requests for production. Additionally, appellant argues that since the court cannot consider her income, then she should not be required to produce her tax returns because her tax returns are unnecessary and irrelevant to the proceedings.
While we agree that tax returns should only be produced for good cause shown, the trial court in this case required that the returns be subject to an in camera inspection. The true relevance of the tax returns is unknown. At the hearing on appellant’s motion, plaintiff alleged that defendant and appellant jointly own a horse and cattle business and that thus far, the defendant has failed to produce financial information relating to that enterprise. Although defendant, as a party, is responsible for producing the bulk of the information related to the horse and cattle enterprise if indeed it exists, appellant’s returns may at least reveal whether the business exists. Further, since appellant and defendant appear to have filed separate tax returns, appellant’s returns may contain information regarding |5business expenses that were not claimed by the defendant. Such expenses may constitute a contribution to the defendant’s income.
Further, appellant’s tax returns may indicate deductions for household expenses that may reduce defendant’s income, but are not reported on defendant’s tax returns. Additionally, appellant’s tax returns may corroborate or belie the information gleaned from the appellant’s checking records. Because the plaintiff will not have access to appellant’s tax returns unless the information contained therein is in fact relevant to these proceedings, the inconvenience caused to appellant is minimal[2] when balanced against the possible discovery of relevant information contained in the tax returns. For these reasons, we affirm the trial court’s order of an in camera inspection of appellant’s tax returns.
*667 CONCLUSION
The trial court’s judgment is amended to order the appellant to produce the checking account information for an in camera inspection by the court. In all other respects, the judgment of the trial court is affirmed.
AMENDED. AFFIRMED AS AMENDED.

. A motion for suspensive appeal was filed and this court ordered the parties and the appellant to show cause why the appeal should not be dismissed as one taken from an unappealable interlocutory order. Wollerson v. Wollerson, 29,-183-CA (La.App.2d Cir. 7/25/96). After reviewing the responses to our order, this court decided to expedite the appeal. Wollerson v. Wollerson, 29,183-CA (La.App.2d Cir. 9/12/96).

. Appellant has not indicated that preparing the tax returns will be difficult, or that she does not plan to have the returns prepared. We therefore assume that appellant's difficulty does not lie in actual producing the tax returns, but in the possibility of plaintiff gaining access to the information contained in the tax returns.