984 So.2d 235 (2008)
Irene Antoinette Noel WIEDEMANN
v.
Lawrence WIEDEMANN.
No. 08-CA-90.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
Rehearing Denied June 30, 2008.
*236 Jeffrey W. Bennett, Attorney at Law, Harahan, Louisiana, for Plaintiff/Appellee.
Lawrence D. Wiedemann, Attorney at Law, New Orleans, Louisiana.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In these domestic proceedings, defendant appeals from a judgment of the trial court ordering him to destroy or return to plaintiff certain documents which plaintiff alleged were privileged. For the reasons stated herein, we affirm.
Facts and Procedural History
Plaintiff, Irene Antoinette Noel Wiedemann, instituted these proceedings on March 7, 2006 by the filing of a Petition for Divorce and Other Incidental Demands against defendant Lawrence Wiedemann. In her petition, Mrs. Wiedemann alleged that Mr. Wiedemann was at fault in the break-up of the marriage and she sought a divorce pursuant to La. C.C. art. 102. She also sought an award of fair rental value of the family home which was being occupied by Mr. Wiedemann, use of a vehicle, temporary and permanent alimony, and recission of a Prenuptial Agreement she signed prior to the marriage. Mr. Wiedemann filed an answer and reconventional demand, generally denying the allegations of the petition and further seeking enforcement of the Prenuptial Agreement. Mr. Wiedemann further alleged in the answer that Mrs. Wiedemann was not entitled to alimony as she was not free from fault in the break-up of the marriage.
In July 2006 the parties entered into a consent judgment ordering Mr. Wiedemann to pay interim spousal support. However, by judgment rendered on April 18, 2007, the trial court granted Mrs. Wiedemann's Ex Parte Motion to Voluntarily Dismiss Her Request for Permanent Spousal Support. At some point in these proceedings[1], Mr. Wiedemann sent to *237 Mrs. Wiedemann's counsel a return on a request for production of documents seeking impeachment evidence. Included in this return were copies of correspondence between Mrs. Wiedemann and an attorney she had retained in 2003 while she was contemplating a separation from her husband.
On May 31, 2007, Mrs. Wiedemann filed a "Motion for an Order directing Mr. Wiedemann to Destroy Attorney-Client Privileged Correspondence between Mrs. Wiedemann and her Attorney." While this motion was pending, the court held a hearing On June 21-22, 2007 on the validity of the matrimonial agreement between the parties. By judgment rendered on July 5, 2007, the trial court ordered that the matrimonial agreement was properly executed as an authentic act and dismissed plaintiffs case with prejudice.
Thereafter, Mr. Wiedemann moved to dismiss Mrs. Wiedemann's motion directing him to destroy the privileged correspondence on the basis that the motion was moot as all issues of fault had been resolved between the parties and Mrs. Wiedeman's case had been dismissed with prejudice by the trial court. The trial court denied this motion and set the matter for a hearing on July 30, 2007.
This matter was heard by the domestic commissioner on July 30, 2007, and the commissioner granted the relief requested by Mrs. Wiedemann and ordered the return of the documents by Mr. Wiedemann. Mr. Wiedemann objected to this ruling, and the matter was heard by the trial court on September 18, 2007. Following argument of counsel, the trial court ruled in favor of Mrs. Wiedemann. By judgment rendered August 2, 2007, the trial court ordered Mr. Wiedemann to destroy or turn over to Mrs. Wiedemann all copies of any correspondence between Mrs. Wiedemann and her attorney, including without limitation the documents described therein. It is from this judgment that Mr. Wiedemann suspensively appeals.
On appeal, Mr. Wiedemann contends that the trial court erred in adjudicating an issue regarding evidentiary privilege after trial on the merits and dismissal of plaintiff's case when the trial court no longer had jurisdiction. Mr. Wiedemann also argues that the trial court erred in failing to hold an evidentiary hearing to make a factual finding on whether the privilege had been waived by Mrs. Wiedemann.
Discussion
The documentation at issue in this case consists of correspondence between Mrs. Wiedemann and Paula H. Lee of the law firm Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P. as well as an invoice from the law firm to Mrs. Wiedemann that was attached to one of the letters. Each of the letters is addressed to Mrs.Wiedemann and marked "PERSONAL AND CONFIDENTIAL." A review of the correspondence clearly indicates that the letters were drafted for the purpose of facilitating the rendition of professional legal services to Mrs. Wiedemann. The parties dispute how Mr. Wiedemann came into possession of these documents, but there is no dispute that the correspondence belonged solely to Mrs. Wiedemann.
Although Mr. Wiedemann argues that the trial court erred in ruling on an evidentiary issue after trial on the merits, we fail to find merit in this argument. The record fails to show that Mrs. Wiedemann *238 was attempting to use the documentation as evidence at the present or any future trial. Rather, the record indicates she was seeking return of the documentation on the basis that it belonged to her, was of a confidential nature and was privileged.
We find that the documentation at issue in this case, which consists of written correspondence between a lawyer and her client, is privileged on its face. La. C.E. art. 506. Further, we find that the documentation is the property of Mrs. Wiedemann, and the trial court did not err in ordering Mr. Wiedemann to return or destroy documentation which does not belong to him. Although the trial court had resolved the substantive issues between the parties at the time this judgment was rendered, the trial court nonetheless retained jurisdiction over the matter and was within his authority in ordering the documents to be returned.
With regard to Mr. Wiedemann's contention that the trial court erred in failing to determine whether the privilege was waived, we fail to find that this determination is relevant to a determination of whether the documents should be returned to their proper owner, Mrs. Wiedemann. In the event future proceedings develop between these parties, the evidentiary value of these documents may be determined during discovery wherein the waiver issue may be addressed.
For the reasons assigned herein, we find no error of the trial court in ordering Mr. Wiedemann to destroy or turn the subject documents over to Mrs. Wiedemann. The trial court judgment is therefore affirmed. Mr. Wiedemann is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The parties dispute when these documents were delivered to Mrs. Wiedemann's counsel. Mr. Wiedemann contends the documents were delivered prior to the April 18, 2007 dismissal of plaintiff's claim for alimony as the subject documentation related to the issue of fault. Counsel for Mrs. Wiedemann contends that he did not receive any of these documents until May 21, 2007 and he states that he had no knowledge prior to this date of Mr. Wiedemann's possession of these documents.