EDWIN A. LOMBARD, Judge.
| ?The appellants, Bud’s Boat Rental, L.L.C. (“Bud’s”) and Shipyard Service, L.L.C. (“Shipyard”), appeal the trial court’s judgments denying a motion to quash subpoena and a motion for new trial in connection with a divorce proceeding between Edith Sercovich (“Ms. Sercovich”) and Gary Sercovich (“Mr. Sercovich”). After a review of the record, we remand the matter to the trial court.

Relevant Facts and Procedural History

In or around 2000-2001, Allied Towing Service, L.L.C. (“Allied”), a company solely owned by Mr. Sercovich, purchased Bud’s and Shipyard. On January 1, 2009, Allied purportedly sold its one-third interest in Bud’s and Shipyard to John Serco-vich and Gary Sercovich, Jr., Mr. Serco-vich’s sons from a previous marriage. This transfer of Allied’s one-third interest allegedly relinquished Mr. Sercovich of any ownership interest in Bud’s and/or Shipyard.
After fifteen years of marriage, on July 8, 2010, Ms. Sercovich filed a petition for divorce against Mr. Sercovich wherein she requested interim and final periodic spousal support. On May 1, 2011, as a means to obtain information and documentation regarding Mr. Sercovich’s income, Ms. Ser-eovich issued a Notice of Records Only Deposition and Subpoena Duces Tecum to Bud’s and Shipyard seeking the following list of documents (“Requested Documents”)':
*602 |ol. Copies of all federal and state tax returns for the tax years 1995 to date.
2. All corporate or other business formation documents, minutes, and yearly reports, and operating agreements from 1995 to date.
3. All checking account records, including cancelled checks, checkbooks, check registers, deposit slips, and monthly statements (regardless of whether or not the account or accounts have been closed) from January 1, 2008 to date.
4. All bank books of any kind or nature, including, without limitation, passbooks, bankbooks, and/or certificates of deposit, showing any balance from January 1, 2008 to date.
5. Any and all credit cards and charge accounts and all statements and receipts received in connection with the use of such credit cards and charge accounts from January 1, 2008.
6. Any and all financial statements, loan applications or records containing financial information of any nature which have been submitted to banks, lending institutions, or to any person or entities, in connection with any application for credit or loans from January 1, 2005 to date.
7. Any and all computer generated data or backups from any and all personal or business accounting software which have been used in the last five years, including but not limited to, Quicken, Quickbooks, Microsoft Money, etc.
In response to these discovery requests, Bud’s and Shipyard filed a Motion to Quash Subpoena and Request for Protective Order on May 12, 2011, in the Civil District Court for the Parish of Orleans. In their memorandum, the appellants argued that pursuant to Louisiana Code of Civil Procedure article 1426, the subpoena and notices must be quashed and Mr. and Ms. Sercovich must be limited to discovery. Specifically, Bud’s and Shipyard averred that the Requested Documents seek privileged, personal, and/or confidential tax and banking information of third party non-litigants that are not relevant to the issues in the divorce proceeding between Mr. and Ms. Sercovich. The appellants also argued that Ms. Sercovich has several less invasive, less financially burdensome, and less vexatious methods of obtaining the information from Mr. Serco-vich, a litigant in the matter. In the alternative, the appellants claimed that they are entitled to judicial protection, requesting an in camera inspection, and a protective order.
14After the hearing on May 23, 2011, the trial court denied the appellants’ Motion to Quash Subpoena and Request for Protective Order by Judgment dated June 28, 2011, except to require that the documents be produced subject to a protective order.
On July 8, 2011, Bud’s and Shipyard filed a Motion for New Trial and Stay of Judgment requesting a new trial on the issue regarding whether the appellants may exclude the Requested Documents from production. On August 25, 2011, the trial court denied the motion for new trial.
Bud’s and Shipyard suspensively appealed, maintaining that the trial court erred in its: (1) June 28, 2011 Judgment ordering them to produce the Requested Documents to Ms. Sercovich; and (2) August 25, 2011 Judgment denying their Motion for New Trial.

Discussion

On appeal, citing Stolzle v. Safety & Systems Assurance Consultants, Inc., 02-1197 (La.5/24/02), 819 So.2d 287, 289, the appellants contend that the trial court erred in ordering the production of confi *603 dential and sensitive business records because Ms. Sercovich has not shown the relevancy of or good cause for the production of financial documents of a third party non-litigant.
Louisiana Code of Civil Procedure article 1422 provides in pertinent part that “[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” Relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” La.Code Evid. Art. 401. “The test of discoverability is not whether the particular information sought will be admissible |sat trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Wollerson v. Wollerson, 29,183, p. 2 (La.App. 2 Cir. 1/22/97), 687 So.2d 663, 665; citing Lehmann v. American Southern Home Ins. Co., 615 So.2d 923, 925 (La.App. 1 Cir.1993).
The Louisiana Supreme Court has delineated the “basic objectives” of the Louisiana discovery process as follows: (1) to afford all parties a fair opportunity to obtain facts pertinent to litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing their cases for trial; (4) to narrow and clarify the basic issues between the parties, and; (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125, 129 (La.1983) (citations omitted). “The discovery statutes are to be liberally and broadly construed to achieve [their] intended objectives.” Id.
A trial court has broad discretion in handling discovery matters and an appellate court should not upset such a ruling absent an abuse of discretion. In re Marriage of Kuntz, 05-0172, p. 4 (La.App. 4 Cir. 2/11/06), 929 So.2d 75, 78; (citation omitted). “An appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court’s order when determining whether the trial court erred in ruling on a discovery order.” Wollerson, 29,183, p. 2, 687 So.2d at 665.
In the case before us, Ms. Serco-vich seeks to determine the income of Mr. Sercovich for the purpose of determining final periodic support.[1] In determining the amount and duration of final support, the court considers factors including the | (jncome and means of the parties, as well as the liquidity of such means. La. Civ. Code art. 112(B)(1). “Means” include both income and property. Wascom v. Wascom, 97-0547 (La.App. 1 Cir. 6/29/98), 713 So.2d 1271, 1274; citing Loyacano v. Loyacano, 358 So.2d 304, 310 (La.1978). Thus, whether Mr. Sercovich has an interest in Bud’s and Shipyard that generates income is pertinent to the determination of spousal support.
The appellants contend that since January 2009, when Allied sold its one-third interest in Bud’s and Shipyard to John and Gary, Jr., the only two officers, members, and owners of the companies, (1) Mr. Ser-covich has never received a salary or any other form of direct and personal remuneration from Bud’s or Shipyard; and (2) neither Mr. Sercovich nor Allied has had *604 any direct or indirect ownership interest in Bud’s or Shipyard. Accordingly, the appellants argue, the Requested Documents, which include the tax returns, credit card statements, financial statements, and internal accounting and business software records for the period after Mr. Serco-vich’s disposition of his indirect interest in Bud’s and Shipyard, are not relevant to Mr. Sercovich or the divorce proceeding between Mr. and Ms. Sercovich.
In support of their argument, the appellants maintain that they have produced to Ms. Sercovich all information that is necessary and relevant to her claims, including: (1) the 2009 sale documents relating to Allied’s disposition of its one-third interests in Bud’s and Shipyard; (2) all subpoenaed documents relating to Bud’s and Shipyard at the time of and before Allied disposed of its one-third interest therein; and (3) all documents respecting funds directly or indirectly paid 17to on or behalf of Mr. Sercovich, Ms. Sercovich, and/or Allied before and after Allied’s disposition of its one-third interests in Bud’s and Shipyard.[2]
However, a review of the record reveals that a May 17, 2011 printout of the Louisiana Secretary of State online records identifies (1) Gary Sercovich as the Manager of Bud’s Boat Rental, L.L.C.; and (2) Gary T. Sercovich as the Manager of Shipyard Service, L.L.C., not Gary Sercovich, Jr. as claimed by the appellants. Also in the record is a Bud’s check dated December 10, 2010, for a payment to Blue Cross Blue Shield in the amount of $2,500.09 on behalf of “Gary Sercovich — Allied Towing.”
After a thorough review of the record, we find that the information sought appears reasonably calculated to lead to the discovery of admissible evidence. See Borrello v. Borrello, 614 So.2d 91 (La.App. 4 Cir.1992), writ denied, 616 So.2d 706 (La.1993) (This Court allowed the wife of a partner in a law firm to obtain information on the firm’s contingency fee contracts and the firm’s state and federal tax returns, noting that the tax returns would aid the wife in establishing her husband’s interest in the partnership.). Thus, it was not an abuse of discretion for the trial court to order the appellants to disclose their tax returns, credit card statements, financial statements, and internal accounting and business software records. However, the trial court’s order was overbroad, because all business transactions made by Bud’s and/or Shipyard do not represent contributions to Mr. Sercovich’s income.
While we are cognizant of the confidential and sensitive nature of the requested financial records, we also recognize Ms. Sercovich’s right to discovery, as acknowledged by the trial court. However, this right is not absolute. See Id. |8(This Court recognized the plaintiffs discovery rights are not unlimited since the information sought involves, to a certain extent, the financial information of third parties.).
Accordingly, we find that requiring Bud’s and Shipyard to produce the Requested Documents under the scrutiny of the trial court will do justice to and protect the rights of Bud’s, Shipyard, and Ms. Sercovich. Therefore, we remand this matter to the trial court to conduct an in camera inspection of the Requested Documents and determine whether any of the documents are relevant to the divorce proceedings. Since we are remanding this matter, we pretermit a discussion regarding the denial of the motion for new trial.
REMANDED

. By May 3, 2012, the parties indicated that the issue of interim spousal support was resolved.

. These documents were not included in the record before us.