# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-576

SCOTTIE DAVID SIMON

VERSUS

SARAH DIDIER ZAUNBRECHER, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20173858
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Gary J. Ortego, and Clayton Davis, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

**Julie Koren Vaughn Felder, A.P.L.C.**
**Attorney at Law**
**Post Office Box 80399**
**Lafayette, LA 70598**
**(337) 856-3444**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Burton T. Zaunbrecher**

**Randy M. Guidry**
**Durio, McGoffin, Stagg & Guidry**
**Post Office Box 51308-1308**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Scottie David Simon**

**PICKETT, Chief Judge.**

This appeal presents the issue of whether the trial court can order a third party to produce invoices he paid for attorney fees and costs on behalf of his ex-wife to establish her income for the purpose of calculating child support.

## FACTS

Scottie Simon and Sarah Didier Zaunbrecher are the parents of a child born on June 8, 2017. Ms. Didier was divorced from Burton Zaunbrecher by a judgment dated September 12, 2016. Paternity testing established Mr. Simon is the child's father.[1] Initially, the parties agreed to their child support obligations. On October 18, 2024, Ms. Zaunbrecher filed a rule to modify the parties' child support obligations. Thereafter, Mr. Simon served Mr. Zaunbrecher with a Notice of Records Deposition and Subpoena Duces Tecum for Deposition that sought the production of the following documents from June 8, 2017, including:

> [A]ny and all invoices you, either individually or on behalf of any corporate entity you have any ownership in, have received from Julie Vaughn Felder for legal services provided to Sarah Didier Zaunbrecher[.]

Mr. Zaunbrecher filed a motion to quash the subpoena in which he asserted the invoices are irrelevant. He also pointed out that a prior trial judge ruled in September 2019, the attorney fees were not a recurring gift. The trial court conducted a hearing on the motion to quash and concluded that some of the subpoenaed documents may be discoverable but more information was needed to make that determination. Thereafter, the trial court signed a judgment ordering Mr. Zaunbrecher to:

> [P]roduce to the Court . . . billings for attorney fees and costs he has received and paid on behalf of Sarah Didier Zaunbrecher in [this

---

[1] Because the child was born less than 300 days after the judgment of divorce, Mr. Simon filed suit to establish paternity of child. Pursuant to La.Civ.Code art. 185, "The husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage."

matter] both in unredacted and redacted form, from January 1, 2022 to July 31, 2025. Counsel for Mr. Zaunbrecher shall produce the redacted version to counsel for Scottie David Simon on the same date as the required production is made to the Court.[2]

Mr. Zaunbrecher appealed the judgment and assigns four errors with the judgment.

## ASSIGNMENTS OF ERROR

1) The trial court erred in ordering the production of the contents of the billings of fees and costs that are the subject of the subpoena and the August 29, 2025 Judgment because they are protected by the attorney-client privilege.

2) The trial court erred in ordering the production of the contents of the billings of fees and costs that are the subject of the subpoena and the August 29, 2025 Judgment as they are irrelevant to the proceedings.

3) The trial court erred in ordering the production the billings of fees and costs of an attorney for services rendered in a custody and child support proceeding because they are not, as a matter of law, recurring gifts for purposes of determining a party's income for child support purposes.

4) The trial court erred in ordering the production of the billings of fees and costs that are the subject of the subpoena and the August 29, 2025 Judgment by failing to properly balance the rights of the litigant seeking information against Zaunbrecher's rights as a nonparty to be protected from harassment, undue burden, and financial loss.

## DISCUSSION

Ms. Didier's rule for modification of child support put the parties' income at issue. For the purpose of calculating child support, "gross income" is defined, in part, to include, "The income from any source, including but not limited to salaries, wages . . . recurring monetary gifts[.]" La.R.S. 9:315(C)(3)(a). Citing this provision, Mr. Simon contends he should be able to discover Mr. Zaunbrecher's payment of Ms. Didier's legal fees and costs because those payments may

_____

[2] The written judgment differs from the trial court's oral ruling where it stated, "If you feel there's something in the bills that are [sic] privileged, then you can produce them to me [-] the clean bill and the redacted bill, and I will decide what to produce to the other side."

2

constitute income to her for purposes of determining the parties' child support obligations. He also asserts that Ms. Didier is underemployed.

Louisiana Code of Civil Procedure Article 1422 (emphasis added) states, in pertinent part:

> Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears *reasonably calculated to lead to the discovery of admissible evidence*.

In *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 13-1582, p. 22 (La. 5/7/14), 144 So.3d 1011, 1026)(quoting *Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La.1983)), our supreme court reiterated that the basic objectives of Louisiana's discovery statutes are:

> (1) to afford all parties a fair opportunity to obtain facts pertinent to pending litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing their case for trial; (4) to narrow and clarify the issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.

Accordingly, these statutes should be applied "liberally and broadly." *Id.*

Trial courts have much discretion with regard to discovery issues, and their decisions governing pre-trial discovery are subject to deferential review and should not be reversed on appellate review in the absence of abuse of discretion by the trial court. *Dupre v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, 25-146 (La.App. 3 Cir. 9/24/25), 422 So.3d 353. "An appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order." *Id.* at 358 (quoting *Wollerson v. Wollerson*, 29,183, p. 3 (La.App. 2 Cir. 1/22/97), 687 So.2d 663, 665).

***Attorney-Client Privilege***

In his first assignment of error, Mr. Zaunbrecher argues that his attorney's invoices are not discoverable because they are protected by the attorney-client privilege, as provided in La.Code Evid. art. 506(B)(1). The attorney-client privilege provides protection against the disclosure of "a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, . . . when the communication is . . . [b]etween the client or a representative of the client and the client's lawyer or a representative of the lawyer." La.Code Evid. art. 506(B)(1). The party who asserts the privilege is applicable bears the burden of proof. *In re Porche*, 24-791 (La.App. 4 Cir. 5/30/25), 414 So.3d 1199; *Bridlington Co., L.L.C. v. S. Disposal Servs., L.L.C.*, 51,138 (La.App. 2 Cir. 2/15/17), 216 So.3d 219.

The trial court's judgment ordered Mr. Zaunbrecher to produce unredacted copies of his attorney's invoices to the court and redacted copies to Mr. Simon. Mr. Zaunbrecher cites *Wiedemann v. Wiedemann*, 08-90 (La.App. 5 Cir. 5/27/08), 984 So.2d 235, to support his argument that an attorney's invoices are subject to the attorney-client privilege and undiscoverable. In *Wiedemann*, the plaintiff sought to recover from her ex-husband letters between her and her attorney and an invoice for the fees and costs charged by her attorney that was attached to one of the letters. All the letters were marked "PERSONAL AND CONFIDENTIAL." After reviewing the letters and invoice, the fifth circuit held the letters addressed legal services the plaintiff aimed to secure and "there is no dispute that the correspondence belonged solely to [the plaintiff]." *Id.* at 237. The court found "the documentation at issue in this case, which consists of written correspondence between a lawyer and her client, is privileged on its face" without addressing the invoice other than noting it was attached to a letter. *Id.* at 238.

4

*Wiedemann* did not involve a discovery issue but the recovery of documents by the plaintiff from her former husband. The invoice was not at issue, and the court did not address whether the attorney-client privilege applied to the plaintiff's invoice for legal services. For these reasons, we find *Wiedemann* does not hold that an attorney's invoices for legal services are automatically protected from discovery by the attorney-client privilege.

In *Talley v. Louisiana Department of Transportation and Development*, 22-983 (La.App. 1 Cir. 2/24/23) 361 So.3d 1041, *writ denied*, 23-557 (La. 6/7/23), 361 So.3d 976, the state argued its attorneys' invoices were protected from discovery by the attorney-client privilege and the Public Records Law, La.R.S. 44:4.1. The state produced the invoices and the testimony of a senior attorney within the department who was involved in the proceeding for an *in camera* inspection by the trial court. After reviewing this evidence, the first circuit determined the trial court erred in concluding that neither the public records exception set forth in La.R.S. 44:4.1(C) nor the attorney-client privilege applied to the invoices. In reaching this conclusion, the court reviewed the detailed invoices the state produced, which included:

> "[T]ask specific correspondence . . .; strategy recommendations that were made; conferences (both in person and on the telephone) and meetings that were held and the matters that were discussed therein; specific legal issues that were researched and discussed; pleadings that were drafted and reviewed; expenses that were incurred; travel that occurred and the reasons therefor; preparations that were made for depositions; discussions on topics and strategies for trial; and work performed and preparations made for trial.

*Id*. at 1051.

The court held "such detailed information constitutes the mental impressions, conclusions, opinions, and theories of the attorneys and experts . . . that . . . was communicated by the attorneys to their client with the intent of

keeping the communication confidential[.]" *Id*. Therefore, the invoices were protected by the attorney-client privilege.

As shown by *Talley*, the trial court did not abuse its discretion in ordering Mr. Zaunbrecher to produce the subpoenaed invoices for *in camera* inspection to determine whether they satisfy the requirements of La.Code Evid. art. 506(B). We do find, however, that the trial court erred in ordering Mr. Zaunbrecher to produce a redacted copy of the invoices to Mr. Simon before it reviews the invoices and determines whether they are subject to the attorney-client privilege.

### *Relevancy & Imputation of Income*

Mr. Zaunbrecher complains the legal fees and costs he paid on Ms. Didier's behalf are irrelevant and should not be considered recurring gifts for purposes of calculating her income as provided by La.R.S. 9:315(C)(3). When ruling on Mr. Zaunbrecher's motion to quash the subpoena duces tecum, that trial court discussed *Bordelon v. Bordelon*, 55,983 (La.App. 2 Cir. 1/15/25), 402 So.3d 714, *writ denied*, 25-339 (La. 5/29/25), 410 So.3d 145, in which the second circuit held that funds given to the father by his parents were actually "monetary gifts" not loans, noting, in part, that the parents regularly provided their son significant sums of money but took no action to collect repayment. *See also Albin v. Albin*, 25-494 (La.App. 1 Cir. 11/7/25), 424 So.3d 1137.

The trial court found no difference between the situations presented in this case and in *Bordelon*, 402 So.3d 714. It further explained:

> This is discovery. Discovery allows the Court to permit discovery of things that may lead to discoverable evidence, not necessarily things that may, actually, turn out to be relevant. But considering this case, the fact that there's an allegation that she's voluntarily underemployed, any benefit she receives from Mr. Zaunbrecher is discoverable, whether the Court includes it as income, that's in my discretion. I'll have to see when I see it. I'll note that this has been pending for two and a half years, so if he's been paying that for two and a half years, then it, certainly, gives me a basis to determine her

income for that period of time, the same thing goes with the allegation of the residence that's being provided where supposedly she's paying rent, but she's not paying rent. That's what I read. So that may also be considered a gift -- I don't know -- but it's, certainly, discoverable. If she's paying below market rent, all of that would go to the Court's determination of what her income should be calculated as.

Considering Mr. Simon's allegations and this explanation, we cannot say the trial court abused its discretion in ordering the invoices be produced for its review.

Mr. Zaunbrecher makes a public policy argument that imputing legal fees and costs paid by someone other than a parent as income to that parent could lead to serious inequality and unfairness to some parents. Based on the designated appeal record, Mr. Zaunbrecher did not address this issue in the trial court.

> As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. **Burniac v. Costner**, 2018-1709 (La.App. 1 Cir. 5/31/19), 277 So.3d 1204, 1210. Under Article V, § 10 of the Louisiana Constitution, courts of appeal have broad supervisory jurisdiction; however, even with such broad power, this court will not act on the merits of a claim not yet acted upon by the lower tribunal. **Id.**; see also Uniform Rules of Louisiana Courts of Appeal, Rule 1-3.

*Jablonski v. Capital Pools, L.L.C.*, 23-924, p. 9 (La.App. 1 Cir. 5/8/24), 390 So.3d 924, 931–32, *writ denied*, 24-946 (La. 11/6/24), 395 So.3d 1173. For these reasons, we will not address Mr. Zaunbrecher's public policy argument.

***Discovery & Third Party Protection***

Mr. Zaunbrecher next argues that he is not a party to this litigation and should not be required to respond to Mr. Simon's discovery. In *Fontenot v. Fontenot*, 23-110 (La.App. 3 Cir. 12/13/23), 378 So.3d 189, *writ denied*, 24-84 (La. 3/19/24), 381 So.3d 711, the plaintiffs who are beneficiaries of a trust established by a family member filed suit alleging self-dealing by the trustees and sought to discover records maintained by the trust. Another panel of this court recognized the trust did not owe the plaintiffs any fiduciary duties and trust law did

not give them a right to inspect the trusts' records. Nonetheless, it determined the real issue was "whether the requested records are 'relevant to the subject matter in the pending action' or otherwise 'appear[] reasonably calculated to lead to the discovery of admissible evidence[,]' La.Code Civ.P. art. 1422[,]'" and not whether the plaintiffs had the right to discover the trust records during the course of the litigation. *Id*. at 198.

Our supreme court has recognized, however, that the liberal construction rule is limited "when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. La.Code Civ.P. art. 1426." *England v. Dudley DeBosier, APLC*, 23-567, p. 1 (La. 6/21/23), 363 So.3d 252, 252-253. Without reviewing Mr. Zaunbrecher's invoices, the trial court cannot determine whether they constitute privileged attorney-client communications and/or whether justice requires that some modification or limitation of the discovery requests should be implemented to protect Mr. Zaunbrecher.

## DISPOSITION

For the reasons discussed herein, we remand this matter to the trial court. Burton Zaunbrecher is ordered to produce the invoices for his attorney's fees and costs to the trial court for an *in camera* inspection and determination of whether the invoices are protected from discovery by the attorney-client privilege. The trial court is instructed to recall its order that redacted copies of Burton Zaunbrecher's

8

invoices be provided Scottie Simon before it has ruled on whether the invoices are subject to discovery.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**